UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUISE ROSE JOOST,<br><br>                         Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                         Defendant. | Case No. 2:15-cv-01714-RBL<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS<br><br>Dkt. #1 |

THIS MATTER is before the Court on Plaintiff Joost's Complaint [Dkt. 1] for review of the Social Security Commissioner's denial of her application for disability insurance benefits.

Joost suffers from degenerative disc disease, asthma, chronic neck pain, and chronic lumbar pain. *See* Dkt. 4, Administrative Record 538. She applied for disability insurance benefits in April 2006, alleging she became disabled beginning in March 2005. *See* AR 535-36. Those applications were denied upon initial administrative review and on reconsideration. *See* AR 535. Joost was found to be not disabled after a hearing, but the case was remanded by this Court. *See id*. Joost was found to be not disabled after a second hearing, but the Appeals Council remanded the case. *See id*. A third hearing was held before Administrative Law Judge Larry Kennedy in November 2014. *See id*. Joost, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 555–93.

The ALJ determined Joost to be not disabled. *See* AR 535–47. The Appeals Council denied Joost's request for review, making the ALJ's decision the final decision of the

ORDER - 1

Commissioner of Social Security. *See* AR 500–04; 20 C.F.R. § 404.981. In October 2015, Joost filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1.

Joost argues the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in evaluating Joost's credibility; (3) in evaluating the lay witness testimony; and (4) in finding her to be capable of performing work available in the national economy based on vocational expert testimony. Specifically, Joost argues the ALJ failed to give sufficient reasons for discounting the opinions of treating physician David Buscher, M.D., and evaluating physician Carl Andrew Brodkin, M.D. Joost argues the errors affected the ultimate disability determination and are therefore not harmless. Joost further argues the case should be remanded for an immediate award of benefits.

The Commissioner argues the ALJ did not err in evaluating Buscher's and Brodkin's opinions, Joost's credibility, or the lay witness testimony, so the ALJ's RFC and step-five finding that Joost could perform work were supported by substantial evidence and should be affirmed.

**DISCUSSION**

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied

ORDER - 2

in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

**I.       The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ determines credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or evaluating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830–31. More weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830.

Joost argues the ALJ erred by giving little weight to treating physician Buscher's opinion on regarding Joost's environmental limitations. *See* Dkt. 8, p. 10. Buscher opined that Joost benefits from minimized exposure to several environmental triggers, including air deodorizers, smoke, paint, bleach, cleaning agents, perfumes, and hairsprays. *See* AR 443. The ALJ partially incorporated this opinion into the RFC, limiting Joost to work in a climate-controlled indoor environment, avoiding even moderate exposure to fumes, gases, odors, and poor ventilation, with

ORDER - 4

only incidental contact with the public. *See* AR 540. However, the ALJ partially discounted Buscher's opinion because Buscher "did not provide any support or basis for such significant limitations," which the ALJ found to be inconsistent with Joost's activities, her minimal complaints, and the lack of objective findings. *See* AR 544.

This reason is not supported by substantial evidence. The ALJ refers to Joost's ability to travel and garden as inconsistent with Buscher's opined limitations, but these limited activities are not necessarily inconsistent with the environmental limitations, particularly because Buscher stated Joost must use a charcoal mask or respirator to travel and can only comfortably wear it for short periods of time. *See* AR 443, 542. Joost's subjective complaints were far from minimal; She testified that her impairments demanded that she work in a controlled environment free from triggers and without contact with other people. *See* AR 38-39. Buscher's reports contain objective findings, including positive allergy tests and physical examinations finding supraorbital tenderness and allergic circles. *See* AR 449. Buscher specifically stated Joost's diagnosis of multiple chemical sensitivity was made according to published criteria established by physicians of occupational and environmental medicine. *See* AR 449-50. Therefore, the ALJ failed to provide a specific and legitimate reason supported by substantial evidence to discount Buscher's well-supported opinion.

Joost also argues the ALJ erred by failing to incorporate in full examining physician Brodkin's opinion on Joost's environmental limitations. *See* Dkt. 8, pp. 10-11. Brodkin opined that Joost required a controlled work environment that would allow her to minimize exposure to irritant triggers. *See* AR 332. The ALJ stated that Brodkin's opinion suggested no limitations greater than those in the RFC and that the jobs identified at step five did not require exposure to such irritants. *See* AR 544. However, Brodkins stated that the basis for his opinion that Joost

ORDER - 5

could not perform her work as a school nurse was exposure to other people because she experienced severe reactions to low-level irritants such as perfumes and deodorants. *See* AR 332.

The RFC allowed for incidental contact with the public and did not limit contact with co-workers and supervisors. *See* AR 540. The Commissioner does not argue that Brodkin's opinion is consistent with the RFC assessed, as the ALJ asserted. Instead, the Commissioner argues that even crediting Brodkin's opinion as true, it would not establish disability because Brodkin found Joost's symptoms to be reasonably well-controlled on medications. *See* Dkt. 9, p. 4. However, Brodkin stated that while Joost's symptoms were reasonably well-controlled on medications, "they are prominently exacerbated by environmental triggers," which is consistent with the rest of his opinion. AR 312. The ALJ erred by failing to fully account for Brodkin's opinion in the RFC.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). It "adhere[s] to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Courts "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

The ALJ's improper rejection of the physicians' opinions affected the case's outcome. Had the ALJ fully credited Buscher's and Brodkin's opinions, the RFC would have included

ORDER - 6

additional limitations. Instead, the ALJ posed hypothetical questions to the vocational expert based on an incomplete RFC. *See* AR 574–84. Based on the vocational expert's answers to those questions, the ALJ found Joost could perform work available in the national economy. *See* AR 545–47. As the ALJ's ultimate determination regarding disability was based on the testimony of a vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

**II.     The ALJ's Assessment of Joost's Residual Functional Capacity**

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any step, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 at *2. A claimant's RFC assessment is used at step four to determine whether she can do her past relevant work, and at step five to determine whether she can do other work. *See id.*

Residual functional capacity is what the claimant can still do despite her limitations. *See id.* It is the maximum work that the claimant can perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* The ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also must discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

ORDER - 7

However, because the ALJ erred in evaluating Buscher's and Brodkin's opinions, the RFC assessed by the ALJ does not necessarily completely and accurately describe all of Joost's capabilities. As a result, the ALJ erred.

### III. The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant can do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(d), (e), 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *see also Tackett*, 180 F.3d at 1100-1101.

Based on the testimony of a vocational expert, the ALJ found Joost capable of performing other work. *See* AR 545-47. Again, however, because the ALJ erred in evaluating Buscher's and Brodkin's opinions, and thus in assessing Joost's RFC, the hypothetical question presented at the hearing did not completely and accurately describe all of Joost's capabilities. Therefore, the ALJ's step-five determination is not supported by substantial evidence and is in error.

### IV. This Matter Should Be Remanded for Further Administrative Proceedings

Joost argues this case should be remanded for an immediate award of benefits. *See* Dkt. 8, p. 17. Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court may remand for immediate payment of benefits. *See Treichler v. Comm'r,*

ORDER - 8

*Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The Ninth Circuit applies a three-step framework to "deduce whether this is one of the rare circumstances where we may decide not to remand for further proceedings." *Treichler*, 775 F.3d at 1103. This is the "credit-as-true" rule. *Garrison*, 759 F.3d at 1019.

Under the first step, the Court must determine whether "the ALJ has failed to provide legally sufficient reasons" for discounting evidence. *Treichler*, 775 F.3d at 1103 (internal citation omitted). The Court concludes, for the reasons stated above, that the ALJ did not provide legally sufficient reasons for discrediting Buscher's and Brodkin's medical opinions.

Under the second step, the Court must "turn to the question [of] whether further administrative proceedings would be useful." *Id.* At this stage, the Court considers "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103–04. Both Buscher and Brodkin opined that Joost required a controlled environment to minimize exposure to several environmental triggers, including personal products such as perfumes and deodorants. *See* AR 332, 443. The only conflicting medical opinion the ALJ gave substantial weight to was nonexamining physician Robert Bernandez-Fu, M.D.'s, who did not review Buscher and Brodkin's findings. *See* AR 396, 400. The Court can find no basis to allow the Commissioner yet another opportunity to discount the opinions of treating and examining physicians for a nonexamining physician who did not have the full record to review. *See Garrison*, 759 F.3d at 1021. The Court concludes the record is clear that Joost has the environmental limitations Buscher and Brodkin opined she has, which demand Joost have only minimal exposure to low-level irritants, including personal products such as perfume and scented deodorant.

ORDER - 9

Under the third step, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* at 1020. The Court cannot determine with any certainty whether additional limitations regarding Joost's ability to be in proximity with supervisors, coworkers, or the public due to exposure to low-level irritants would necessarily demand a finding of disability. Therefore, on remand, the Commissioner is instructed to credit Buscher and Brodkin's opinions and to take vocational expert testimony to determine whether Joost may still perform work available in the national economy despite these additional limitations.

## CONCLUSION

The Court finds the ALJ improperly concluded Alexander is not disabled. Defendant's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings as detailed in this order.

DATED this 12th day of July, 2016.

Ronald B. Leighton
United States District Judge

ORDER - 10